O’NIELL, Chief Justice
 

 (concurring).
 

 I concur in the decree rendered in this case, but, as to the fourth bill of exception, I would dissent if the record showed that the district attorney was allowed to have the jurors commit themselves to an unqualified verdict of guilty, by asking each juror whether he would agree to a verdict of “guilty as charged” if the state proved the guilt of the defendant beyond a reasonable doubt. It is the duty of every juror, in a case where capital punishment may be inflicted, to remain noneommit
 
 *515
 
 ted on the question as to whether he will approve of a qualified verdict if the state proves the guilt of the defendant beyond a reasonable doubt, until the case is finally submitted to the jury. The record shows that at least seven of the jurors who served as such in this, case were asked the question mentioned in this bill of exception, and that the objection made by the attorneys for the defendant was overruled in every instance. Hence the fact that the defendant had four peremptory challenges left when the impaneling of the jury was completed is a matter of no importance. It is unimportant also that the attorneys asked every prospective juror whether he would render a verdict of not guilty if the state failed to prove the guilt of the defendant beyond a reasonable doubt. The question was permissible, and, even if it had not been permissible, that would not have justified the district attorney’s asking an improper question of the jurors. But I am satisfied that the question which the district attorney asked, and which the attorneys for the defendant objected to, did not commit the jurors to the rendering of an unqualified verdict if they should convict the defendant. The expression, in the question, “guilty of the crime of murder as charged,” meant merely guilty of the crime charged in the indictment. I have no doubt that the jurors so understood the question, particularly after they were questioned by the attorneys for the defendant, as to which the judge allowed free latitude.
 

 As to the judge’s charge to the jury, that one of two or more conspirators is responsible for what is done or said by another of them before the object of the conspiracy is entirely "carried out, my opinion is that the doctrine stated in the Taylor Case has no application whatever to this case, because the record in this case discloses that the murder was committed at the time of the robbery, and for the purpose
 
 thereof.
 
 The charge which was given in the Taylor Case was appropriate to the facts of that case. I did not consider the doctrine appropriate to the Terrell Case, 175 La. 758, 144 So. 488, particularly as to one of the defendants, Mose Conner, as I explained in dissenting from the decree rendered in that case. I do not subscribe to the broad proposition that, where two or more men conspire to commit the crime of robbery and to divide the spoils, each one of them is answerable for whatever is done or said by any one of the others, from the time of the robbery until the spoils are* divided. No such abstract proposition was laid down in the opinion rendered in the Taylor Case. The doctrine announced there was stated with reference to the facts of that case.